## CARPENTER *v.* THE STATE, 4 Howard, 163.

### PERJURY.

At common law the number of the jury, for the trial of all issues involving the personal rights and liberties of the subject, cannot be less than twelve. In all cases where the term "jury" is used in our statutes, it is regarded as one of fixed and determined meaning, ascertained by the paramount law. A trial and conviction by a jury of less than twelve is therefore a nullity.

It should appear by the caption of the record, not only that the court was holden for the proper county, but that it was holden at the proper place within the county; and the omission of any material statement in the caption or record cannot be supplied by recitals in the indictment, which becomes no part of the record until it is returned into court in the manner prescribed by law.

The caption of the indictment was as follows : " The State of Mississippi, county of Hancock, the circuit court of Hancock county, August term thereof, in the year of our Lord one thousand eight hundred and thirty eight. The grand jurors of the State of Mississippi, empanelled and sworn in and for the county of Hancock and State of Mississippi, at the term of the court aforesaid, upon their oaths present," &c. Held, that it does not show with legal certainty that the grand jury was taken from the body of good and lawful men of Hancock county.

In an indictment for perjury it is not necessary to allege that the false affidavit charged an offense upon any particular individual, in order to constitute the crime of willful perjury.

Error to Hancock circuit court.

The defendant, Samuel A. Carpenter, was tried and convicted of perjury, at the August term of the Hancock circuit court. The foundation of the indictment was an affidavit made by Carpenter before a justice of the peace, of Hancock county. The affidavit stated that certain articles of household furniture had been stolen from the possession of affiant, and the affiant suspected and believed that the said articles of furniture were secreted in and about the premises of one Michael Eldridge, at Pass Christian, in the county aforesaid.

Several objections were made to the caption of the indictment, which was as follows : " The State of Mississippi, county of Hancock, August term thereof, in the year of our Lord one thousand eight hundred and thirty-eight. The grand jurors of the State of Mississippi, empanelled and sworn in and for the county of Hancock and State of Mississippi, at the term aforesaid, upon their oaths present," &c.

The sufficiency of the record was also objected to on the ground, that it did not show that the court in which the cause was tried was held at the court-house, the place appointed by

law for holding the court. The caption was as follows: "The State of Mississippi v. Samuel Carpenter, pleas in the circuit court of Hancock county, before the Honorable B. Harris, judge presiding, the term of August, in the year of our Lord one thousand eight hundred and thirty-eight." The record showed also, that the jury which convicted defendant was composed of only eleven men.

The following errors in the proceedings of the court below are assigned by the counsel for plaintiff in error.

1. The issue in the case was tried by only eleven jurors.

2. That there is nothing in the record showing that the court in which defendant was tried, was held at the place appointed by law, for holding the same.

3. The grand jury are not shown by the record to be elected and drawn from the county of Hancock.

4. The said bill of indictment does not show in what manner the said Michael Eldridge was intended to be aggrieved and vexed, or in what way he was to be subjected to the pains and penalties and punishment of the laws of the state.

*Mitchell*, for plaintiff in error.

It seems agreed that, if the caption of the indictment either set forth no place at all where the indictment was found, or do not show with sufficient certainty that the place set forth is within the jurisdiction of the court before which it was taken, as when it sets forth the indictment as taken at a session of the peace, holden for such a county, at B., without showing in what county B. is, otherwise than by putting the county into the margin, is insufficient. 2 Hawk. P. C., ch. 25, § 128; Peck's Tenn. R., 166.

Therefore, in every prosecution on the statute, you must set forth in the record the place wherein you suppose the perjury to have been committed, and must prove at the trial that there is such a record, either by actually producing it, or an attested copy. Also, in the pleading, you must set forth the point wherein the false oath was taken, but must also show that it conduced to the proof or disproof of the matter in question. 1 Hawk. P. C., ch. 27, § 17.

When the grand jury have heard the evidence, if they think it a groundless accusation, they endorse upon the indictment, "not a true bill;" if they are satisfied of the truth of the accusation, they then endorse upon it, "a true bill." 4 Black. Comm., 305.

It is necessary to constitute the offense of perjury, that the false oath be taken wilfully, viz: with some degree of deliberation, and it must be also corrupt, that is, committed *malo animo;* it must be willful, positive, and absolute; not merely owing to surprise or inadvertency, or a mistake of the true state of the question. 5 Modern R., 350; 4 Com. 137; 1 Ferm R., 69; 1 Hawk. P. C., ch. 27, § 2.

The oath must be taken absolutely and directly; therefore, if a man swears only as he thinks, remembers, or believes, he cannot be guilty of perjury. 1 Hawk. P. C., ch. 27, § 7. 3 Inst., 166.

The thing sworn ought to be some way material; for if it be wholly foreign to the purpose and immaterial, and neither pertinent to the matter in question, nor tending to aggravate or extenuate the damages, nor likely to induce the jury to give credit to the substantial part of the evidence, it cannot be perjury. 1 Hawk., ch. 27, § 8.

The truth of every accusation, whether preferred in the shape of indictment, information, or appeal, should be confirmed by the unanimous suffrage of twelve of his equals or neighbors, indifferently chosen, and superior to all suspicions. 4 Black. Com., 350.

Perjury is defined to be a crime committed when a lawful oath is administered in some judicial proceeding, to a person who swears wilfully, absolutely and falsely, in a matter material to the issue or point in question. 4 Black. Com. 137. From this definition the following things are necessary.

1st. It must be false.

2d. The intention must be wilfull.

3d. It must be in some judicial proceeding.

4th. The party must be lawfully sworn.

5th. The assertion must be absolute.

6th. The falsehood must be material to the matter or issue in question.

A general affidavit could only authorize the issuing of a general warrant, and, therefore, void under *magna charta*. 3 Burr, 1742. 1 Chitty 34, 268–327. See also, Constitution of Mississippi, Art. 1, § 9.

*Thomas F. Collins*, attorney general.

SMITH, J. :

At the August term, in the year A.D., 1838, in the circuit court of Hancock county, Samuel A. Carpenter was indicted, tried and convicted of the crime of perjury; and having received sentence, has by writ of error removed his cause to this court, and asks a reversal of the judgment against him for several errors and irregularities alleged to exist in the record of the proceedings and judgment of the court below.

It appears by the record, that the issue in the cause was submitted to eleven persons, who were empanelled and sworn as a jury ; and that as such they found the prisoner guilty as charged in the indictment.

In all prosecutions by indictment or information, the accused is entitled to " a speedy public trial by a jury of his country." This right, justly regarded as the palladium of the liberties of the citizen, is guaranteed by the fundamental law of the land, and is placed by express provision beyond the control of legislative authority. But neither by the Federal constitution nor by that of our own state, have the qualifications of a juror been defined; or the number necessary to constitute "a jury" been fixed.

It is a general rule that where terms used in the common law are contained in a statute or the constitution, without an explanation of the sense in which they are there employed, they should receive that construction which has been affixed to them by the former. To ascertain then, in what the right of trial by jury consists, we must necessarily recur to the provisions of the common law defining the qualifications, and ascertaining the number of which the jury shall consist; as the standard to which, doubtless, the framers of our constitution referred. At common law, the number of the jury, for the trial of all issues involving the personal rights and liberties of the subject, could never be less

than twelve; though there are some precedents which show that a verdict by a greater number would not on that account be void. The legislation of the state has left this particular topic untouched. It has in no instance prescribed the number of the jury, if it were at all important for it to have done so; but in all cases where the term "jury," is used in our statute, it is regarded as one of fixed and determined meaning, ascertained by the paramount law. Our courts have also proceeded on the assumption, that the constituents of the jury, at least so far as the number is involved, have been fixed by the constitution as they existed at common law, at the time of its adoption. Byrd v. State, 1 How., 177.

The finding in the case before us, therefore, cannot be considered as the verdict of a jury, upon which the court was warranted in pronouncing judgment. For this cause the judgment of the circuit court should be reversed and a new trial awarded; but it is insisted that other objections exist, which strike at the foundation of the indictment, and require not only a reversal of the judgment, but also the discharge of the prisoner. These objections apply to the caption of the indictment, as well as the subject matter charged. We do not deem it important to notice all of them in detail, but shall confine our examination to some of the most obvious.

1. It is insisted that the caption does not show a place at which the court was holden, the indictment found, or the prisoner tried.

To test the validity of this exception, we must refer to the caption of the indictment as it is presented in the record. It is set out in the following words, to wit: The State of Mississippi v. Samuel A. Carpenter; pleas in the circuit court of Hancock county; B. Harris, Judge, presiding; the term of August, in the year of our Lord, one thousand eight hundred and thirty-eight. Be it remembered that on the second day of the present term, being the 30th day of August, A. D., 1838, the grand jury of the State of Mississippi being duly empanelled, sworn, and charged, to-wit: (Asa Russ, foreman,) Antoine Field, etc., came into court and presented the following indictment to-wit:"

The fact that the court was holden for the county of Han-

cock, is stated with sufficient certainty, and also that it was held at the time appointed by law; but does this statement in the caption necessarily include the additional fact, that it was holden at the place in the county designated by the statute? It is not directly expressed, and no presumption can be indulged which contradicts the record; nor are we warranted in the assumption of any fact which is not necessarily included in that which is expressed. In the case of Woodsides v. State, the record showed that one of the grand jurors was sworn as foreman; and it was considered tantamount to a direct statement, that he had been appointed as such by the court; as he could not have been sworn in that capacity without having been appointed. Here the court may have been holden in Hancock county, and yet it be true that it was not held at the court house. If the court was holden at any other place in the county, other than that designated by law, it is obvious that it could rightfully have exercised no jurisdiction in the cause and therefore requires no argument to show that all of its proceedings were irregular. It is clear from authority that it should appear not only that the court was holden for the proper county, but also that it was holden at the proper place within the county. To show this fact is part of the appropriate office of the caption. See. 1 Chitty Cr. Law, 327; 2 Hawk. P. C. ch. 25, § 128; 2 Hale, 166. This omission, therefore, in the caption, to state the place where the court was holden and the indictment found, must be considered as a valid objection.

The omission of any material statement in the caption or record, cannot be supplied by the recital in the indictment, which becomes no part of the record until it is returned into court in the manner prescribed by law. The record in the case now under investigation, does not directly state that the grand jurors who returned the bill of indictment into court, were the grand jurors of the county where the court was holden; and this is the ground of the second objection which we deem necessary to notice.

The grand jurors for any county duly selected and empanelled, according to the directions of the law, may with strict legal propriety, be termed the grand jurors of the state; as it is on behalf

of the state and by its authority that they are required to discharge the duties assigned to them. But it is objected that the record which describes the grand jury who returned the bill into court, as the "grand jurors of the State of Mississippi, duly empanelled, charged and sworn," does not show by that description that they were selected from the proper county.

No man can be held to answer for any criminal violation of the law, unless he shall be first charged by a grand jury of the county where the offense may have been committed. This fact must be shown by the caption of the indictment, or it will be presumed that the court has proceeded without authority. The forms of proceeding in prosecution for public offenses are designed to protect the life and liberty of the citizen, and are justly regarded as a valuable appendage to the right of trial by jury. Objections of a merely technical character may sometimes impede, instead of advance the cause of justice; and although courts of justice have very properly manifested a disposition to relax the rigor of ancient forms, where no injury could result to the accused, yet there must be some limit beyond which judicial innovations should not be permitted to advance. Upon the principle of this relaxation, this court in Byrd's case, and subsequently in that of Woodsides, where the record showed the grand jurors were "sworn in and for the body of the county," held that it was equivalent to a statement that they were grand jurors of the proper county. But it appears to me that it would be extending this principle too far, to hold that the description of the grand jury in the record before us necessarily evinces the fact, that they were selected from the county where the prisoner was charged with the offense.

The other objection which we shall notice is in effect this, that the act charged does not amount in law to the crime of willful and corrupt perjury.

The argument in support of this exception proceeded on the ground, that the affidavit of the prisoner set out in the indictment, charged no particular individual with the commission of an offense, and that therefore, although the affidavit may have been false, it did not constitute the crime of perjury.

It is not denied that the magistrate before whom the affidavit

was sworn to, was legally authorized to administer an oath. The affidavit charges unequivocally that a felony had been committed by some person, and was made for the purpose of obtaining a search warrant for the recovery of the property alleged in it to have been stolen. We cannot perceive that it makes the slightest difference that no particular person was averred to have committed the felony. We therefore think that this objection is untenable ; but for the errors before noticed we are bound to reverse the judgment of the circuit court, and order the prisoner to be discharged.